**[NOT FOR PUBLICATION]**

**[31, 32, 35, 37, 38]**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
MERCHANTS MUTUAL INSURANCE          :
COMPANY,                            :
                                    :
    Plaintiff,                      :    Civil Action No. 06-cv-05395 (FLW)
                                    :
                                    :
    v.                              :
                                    :
MONMOUTH TRUCK EQUIPMENT,           :
INC. et al.                         :
                                    :
                                    :    **OPINION**
    Defendants.                     :
                                    :
_____:

**WOLFSON, United States District Judge**

    Presently before the Court are two Motions. Both motions are in opposition to claims asserted by the Defendant, Donald Allan Stilton ("Stilton"), in his countercomplaint against Plaintiff, Merchants Mutual Insurance Company ("Merchants Mutual") and Defendant, Monmouth Truck Equipment, Inc. ("Monmouth Truck"). The first Motion pending before this Court was filed by Plaintiff, Merchants Mutual, for Summary Judgment dismissing Stilton's counterclaim against it. The counterclaim is based on diversity jurisdiction and seeks: (1) a declaration that Merchants Mutual has a duty to uphold its insurance policy (the "Policy") with

-1-

Defendant, Monmouth Truck Equipment, Inc. ("Monmouth Truck"); and (2) further compensate Defendant Stilton in the amount of $75,000 for injuries allegedly covered by the policy. The Court finds that Stilton's counterclaim against Merchants Mutual must be dismissed because: (1) Stilton has no standing to seek defense and indemnification on behalf of Monmouth Truck; and (2) Stilton's counterclaim against Merchants Mutual is rendered moot by Stilton's express waiver of his claims against Monmouth Truck in a consent order. Accordingly, the Court dismisses Stilton's counterclaim against Merchants Mutual with prejudice.

The second Motion was filed by Defendant, Monmouth Truck to dismiss Stilton's crossclaim against it. The crossclaim includes, inter alia, allegations of civil rights violations, breach of contract, and labor law violations. It seeks a declaration that he is entitled to coverage under the Policy and compensation under such Policy. The Court finds that Stilton's crossclaim against Monmouth Truck must be dismissed because it: (1) arises out of the same occurrence as his previous state court action, which was dismissed by court order, and as such, bars relitigation by application of the doctrine of res judicata; (2) is barred by New Jersey's Entire Controversy Doctrine; and (3) is rendered moot by a consent order entered into by Stilton. Accordingly, the Court dismisses with prejudice Stilton's crossclaim against Monmouth Truck.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Merchants Mutual issued a policy of liability insurance to Defendant Monmouth Truck, which was in effect in January 2005. Defendant Stilton is a former employee of Monmouth Truck, who was employed by Merchants Mutual in January 2005. (Pl.'s Statement of Undisputed Facts ¶ 3). Stilton avers that he is entitled to damages based upon this policy.

### A.   STILTON'S STATE COURT COMPLAINT

On or about May 10, 2006, Defendant Stilton filed suit against Monmouth Truck and its several employees, David McMullin, Jr.,[1] Jack T. Wilson, Frank R. Snyder and James T. Gresko, in the Superior Court of New Jersey, Law Division, Monmouth County, under docket number MON-L-2313-06. (Pl.'s Statement of Undisputed Facts ¶ 4; Def.'s Fact St. ¶ 4; see Pl.'s Mot. Summ. J., Ex. A, Compl.). The Monmouth County suit filed by Stilton alleged malice, breach of contract, deprivation of property, libel, slander, civil rights violations, fraud, theft, conversion, labor law violations, and other "illegal and wrongful acts." (Pl.'s Statement of Undisputed Facts ¶ 5; Def.'s Fact St. ¶ 5; see Pl.'s Mot. Summ. J., Ex. A, Compl.). Stilton avers that the "illegal and wrongful acts" resulted in his arrest by the State of New Jersey ("the State"), and in the seizure of his 1995 Dodge RAM 2500 pick-up truck by the State. (Pl.'s Statement of Undisputed Facts ¶ 5; Def.'s Fact St. ¶ 5; see Pl.'s Mot. Summ. J., Ex. A, Compl.). Stilton's complaint alleged that the actions of Monmouth Truck and its employees toward Stilton arose out of Stilton's employment with Monmouth Truck and were covered under the Policy with Merchants Mutual. (Pl.'s Statement of Undisputed Facts ¶ 6; Def.'s Fact St. ¶ 6). Stilton contends that defendants breached a verbal agreement to allow him to pay off the cost of items sold to him by his employer out of his bi-weekly paycheck, and that defendants willfully, purposely, and maliciously made false accusations and false statements which resulted in the seizure of Stilton's Dodge RAM vehicle, and repossession of the parts, causing Stilton to lose his vehicle and be arrested. (Pl.'s Statement of Undisputed Facts ¶ 6; Def.'s Fact St. ¶ 6; see Pl.'s Mot. Summ. J., Ex. A, Compl.). On March 23, 2007, an order was entered by the presiding judge, the Honorable Jamie S. Perri, J.S.C., dismissing Stilton's Complaint for failure to state a claim for which relief

---

[1] David McMullin Jr. was improperly pleaded as David "Mulligan" by Stilton.

can be granted. (See Def.'s Mot. To Dismiss, Ex. D, Order). The only count left with the Monmouth County Court was Stilton's labor law violation claim. (Id.).

### B. STILTON CONSENT ORDER

On September 22, 2006, subsequent to the filing of Stilton's complaint in the underlying suit, Stilton entered into a consent order with the State, signed by the Honorable Mark A. Sullivan, J.S.C., which terminated forfeiture proceedings instituted against Stilton's vehicle as a result of its seizure. (See Pl.'s Mot. Summ. J., Ex. B, Consent Order). The September 2006 consent order provided that the State would dismiss its forfeiture claim against Stilton in exchange for Stilton's agreement, inter alia, "to hold Monmouth Truck Equipment and [its] agents and employees harmless against civil and criminal liability arising out of the investigation and arrest of Donald Stilton on February 11, 2005, and the subsequent criminal actions and civil forfeiture." (See Pl.'s Mot. Summ. J., Ex. B, Consent Order). Stilton, representing himself pro se in that suit, signed the consent order. (Pl.'s Statement of Undisputed Facts ¶ 9; Def.'s Fact St. ¶ 9).

### C. MERCHANTS MUTUAL'S FEDERAL COURT COMPLAINT AND STILTON'S COUNTERCOMPLAINT

On November 13, 2006, Merchants Mutual commenced this declaratory judgment suit in federal court seeking a declaration that Monmouth Truck and its employees named in Stilton's underlying state court suit are not entitled to coverage under the contract of insurance between Merchants Mutual and Monmouth Truck. (Pl.'s Statement of Undisputed Facts ¶ 11; Def.'s Fact St. ¶ 11; Pl.'s Mot. Summ. J., Ex. C, Merchants Mutual's Compl.). Merchants Mutual contends that Stilton is not an insured, however Stilton avers that he is a third

party beneficiary under the insurance policy. (Pl.'s Statement of Undisputed Facts ¶ 12; Def.'s Fact St. ¶ 12; Pl.'s Mot. Summ. J., Ex. C, Merchants Mutual's Compl.). Thereafter, on January 22, 2007, Stilton asserted a countercomplaint against Merchants Mutual and Monmouth Truck, based upon diversity jurisdiction, asking that the Court order Merchants Mutual to "compensate Stilton according to the insurance policy for damages." (Pl.'s Statement of Undisputed Facts ¶ 13; Def.'s Fact St. ¶ 13; see Pl.'s Mot. Summ. J., Ex. D, Counterclaim).

Subsequently, two motions were filed seeking dismissal of Stilton's countercomplaint: Merchants Mutual's Motion for Summary Judgment; and Monmouth Truck's Motion to Dismiss for failure to state a claim for which relief can be granted.

### E.     MERCHANTS MUTUAL/MONMOUTH TRUCK CONSENT ORDER

On March 19, 2007, Merchants Mutual entered into a Stipulation of No Coverage and Partial Dismissal With Prejudice with Defendants Monmouth Truck, McMullin, Wilson, Snyder and Gresko. (Pl.'s Statement of Undisputed Facts ¶ 14; see Pl.'s Mot. Summ. J., Ex. E, Stipulation of No Coverage). Monmouth Truck and its employees agreed in the Stipulation "that Merchants Mutual Insurance Company has no duty to defend or indemnify said defendants in the litigation filed by Donald Stilton in the Superior Court of New Jersey, Law Division, Monmouth County, docket number MON-L-2313-06." (Pl.'s Statement of Undisputed Facts ¶ 14; see Pl.'s Mot. Summ. J., Ex. E, Stipulation of No Coverage). The Stipulation provided that all claims by and between said parties would be dismissed, with prejudice. (Pl.'s Statement of Undisputed Facts ¶ 15; see Pl.'s Mot. Summ. J., Ex. E, Stipulation of No Coverage). As a consequence, the only claim against Merchants Mutual that remains unresolved is Stilton's counterclaim demanding "compensation" based on the contract of insurance to which he is not a party, and

which the insureds have already agreed does not provide them with coverage in connection with Stilton's claims. (Pl.'s Statement of Undisputed Facts ¶ 16).

## II. DISCUSSION

There are two pending motions before this Court. The Court addresses each Motion separately because each argues distinct grounds for dismissal of Stilton's countercomplaint. First the Court will address Merchants Mutual's Motion for Summary Judgment; second the Court will address Monmouth Truck's Motion to Dismiss for failure to state a claim for which relief can be granted.

### A. MERCHANTS MUTUAL'S MOTION FOR SUMMARY JUDGMENT

Merchants Mutual brings a Motion for Summary Judgment to Dismiss Stilton's counterclaim against it. Stilton's counterclaim bases this Court's jurisdiction on diversity of citizenship and seeks: (1) a declaration that Merchants Mutual has a duty to uphold its insurance policy with Monmouth Truck; and (2) further compensate Defendant Stilton in the amount of $75,000 for injuries allegedly covered by the policy. It would appear from the pleadings, and it is not disputed, that the contract of insurance was consummated in the State of New Jersey. Therefore, the laws of this State are determinative of the rights of the parties thereunder in the absence of an express agreement to the contrary. Mutual Life Insurance Co. v. Hill, 193 U.S. 551 (1904); John Hancock Insurance Co. v. Yates, 299 U.S. 178 (1936); Hinkly v. Freick, 86 N.J.L. 281 (1914). Accordingly, under New Jersey law, Stilton has no standing to seek defense and indemnification on behalf of Monmouth Truck. Furthermore, Stilton's counterclaim against Merchants Mutual is rendered moot by Stilton's express waiver of his claims against Monmouth

Truck in a consent order. Therefore, this Court grants Summary Judgment to Merchants Mutual and dismisses Stilton's countercomplaint against it with prejudice.

### i. SUMMARY JUDGMENT STANDARD

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed. R. Civ. P. 56(c), and construes all facts and inferences in the light most favorable to the nonmoving party. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). The Court's function "at the summary judgment stage . . . is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Id. at 252.

### ii. THIRD PARTY STANDING UNDER NEW JERSEY LAW

"As a general rule, the common law prohibits actions by a third party against an insurer absent some statutory or contractual provision permitting direct action." Caldwell Trucking PRP Group v. Spaulding Composites Co., 890 F. Supp. 1247, (D.N.J. 1995); see also Maertin v. Armstrong World Indus., Inc., 241 F. Supp. 2d 434, 451 (D.N.J. 2002) (holding that New Jersey courts require a plaintiff to obtain a judgment against the insured, execute that judgment, and

receive the judgment back unsatisfied because of insolvency or bankruptcy before it can commence a direct action against the insurer); Rivera v. Alonso, No. Civ. 88-5529, 1989 WL 200989 (D.N.J. June 27, 1989) (holding that "an injured party generally possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment."). New Jersey Statute 17:28-2 requires a potential claimant to first obtain a judgment against the insured and receive it back unsatisfied before a direct action can be commenced against the potentially responsible party's insurer. Consequently, "plaintiffs in tort actions [generally] may not directly sue insurers." Cruz-Mendez v. ISU/Ins. Servs., 156 N.J. 556, 566-67 (1999). However, "an injured third party who has received a judgment against the insured has standing to pursue the insurer under the rights of the insured." Rapp v. Awany, 205 F. Supp. 2d 279, 284 (D.N.J. 2002); see In re Est. of Gardinier, 40 N.J. 261, 265 (1963) (stating same).

  In this case, no judgment was rendered against Monmouth Truck in connection with the underlying dispute brought by Stilton. To the contrary, a consent order was signed by Stilton and the Honorable Mark A. Sullivan, J.S.C., releasing Monmouth Truck from "criminal and civil liability arising out of the investigation and arrest of Stilton on February 11, 2005 and the subsequent criminal actions and civil forfeiture." (Pl.'s Mot. Summ. J., Ex. B, Consent Order). Stilton states in his opposition that he agreed to dismiss only criminal claims against Monmouth Truck in the February 22, 2006 consent order, however the terms of the consent order are clear and unambiguous in releasing Monmouth Truck from both civil and criminal liability. Accordingly, because Stilton released Monmouth Truck from civil liability, it is impossible for him to receive a judgment against it in connection with the underlying action. Thus, leaving Stilton with no standing to pursue his counterclaim against Merchants Mutual.

In addition, Stilton's coverage counterclaim is precluded by the express and binding acknowledgment by the named insured that no coverage is afforded to it in connection with Stilton's claims against Monmouth Truck. (see Pl.'s Mot. Summ. J., Ex. E, Stipulation of No Coverage and Partial Dismissal with Prejudice). It is black letter law that a third-party beneficiary is not entitled to any more rights than the actual contracting party. See, e.g., United Steelworkers of America v. Rawson, 495 U.S. 362, 375 (U.S. 1990) ("third-party beneficiaries generally have no greater rights in a contract than does the promisee."); Allgor v. Travelers Ins. Co., 280 N.J. Super. 254, 261 ("[s]pecifically, a third-party beneficiary's rights against an insurer are no greater than those of the insured"); In re Jasmine, Ltd., 258 B.R. 119 (D.N.J. 2000) ("the directors and officers covered under the Policy are third-party beneficiaries; however, the rights of third-party beneficiaries typically are subject to the same defenses that the promisor could assert against a claim for coverage by the promisee"); see 8 Appleman, Insurance Law and Practice, § 4811 (1981).

Here, the promisee, Monmouth Truck, has voluntarily agreed in a binding stipulation that it is not entitled to any coverage under its contract with Merchants Mutual in connection with Stilton's claims. (see Pl.'s Mot. Summ. J., Ex. E, Stipulation of No Coverage and Partial Dismissal with Prejudice). Since Stilton is not entitled to any greater rights under the contract than Monmouth Truck; and since Monmouth Truck has already conceded that it is not entitled to any recovery from Merchants Mutual under the contract in connection with Stilton's claims; Stilton's direct coverage counterclaim against Merchants Mutual must fail as a matter of law.

      **iii.**    **STILTON'S COUNTERCLAIM AGAINST MERCHANTS MUTUAL IS MOOT**

Even if Stilton had any standing to assert his direct coverage counterclaim against Merchants Mutual under the contract of insurance between Merchants Mutual and Monmouth Truck, such claim has been rendered irrevocably moot by Stilton's own execution of a consent order, in which Stilton agreed to hold Monmouth Truck harmless for those very acts that serve as the basis for Stilton's coverage claims against Merchants Mutual. Since Stilton's agreement to hold Monmouth Truck harmless precludes his recovery against Monmouth Truck, any issues relating to Monmouth Truck's coverage in connection with those claims are moot.

In <u>Donovan v. The Punxsutawney Area School Board</u>, 336 F.3d 211 (3d Cir. 2003), the Third Circuit Court of Appeals explained:

> The Constitution limits [federal courts'] jurisdiction to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2; <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974) (per curiam). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969). The court's ability to grant effective relief lies at the heart of the mootness doctrine. <u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001). That is, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-699 (3d Cir. 1996).

336 F.3d at 217. A case becomes moot when it is "impossible for the court to grant any effectual relief." <u>Church of Scientology of California v. United States</u>, 506 U.S. 9, 12 (1992) (citation and internal quotes omitted); <u>In re PWS Holding Corp.</u>, 228 F.3d 224, 235 (3d Cir. 2000). This is just such a case.

Here, Stilton's execution of the consent order, in which he knowingly, voluntarily, and with judicial approval waived his claims against Monmouth Truck, extinguished any legally cognizable interest he may otherwise have had in the outcome of any coverage issues under the

contract of insurance between Merchants Mutual and Monmouth Truck. (See Pl.'s Mot. Summ. J., Ex. B, Consent Order). Stilton's waiver of claims against Monmouth Truck in exchange for the State's withdrawal of civil forfeiture claims asserted against him is a valid and enforceable agreement which precludes Stilton's claims against Monmouth Truck. Therefore, even if any coverage were afforded to Monmouth Truck in connection with Stilton's claims (which the contracting parties have already agreed was not the case, (see Pl.'s Mot. Summ. J., Ex. E, Stipulation of No Coverage)), Stilton would have no legitimate interest in Monmouth Truck's coverage since he assumed an obligation to hold Monmouth Truck harmless. Stilton's waiver of claims against Monmouth Truck and his agreement to hold Monmouth Truck harmless renders Stilton's counterclaim against Merchants Mutual moot.

Having waived any right to seek recovery against Monmouth Truck, Stilton is now precluded from seeking a declaration from this Court as to the coverage relating to the waived claims. Stilton's counterclaim amounts to an advisory opinion, premised on hypothetical questions as to what Merchants Mutual's coverage obligations to Monmouth Truck would have been had Stilton not waived his right to seek recovery from Monmouth Truck. Stilton's waiver of claims against Monmouth Truck makes it "impossible for the court to grant any effectual relief" with regard to Stilton's coverage counterclaim against Merchants Mutual. Stilton's counterclaim against Merchants Mutual is moot, and must be dismissed, with prejudice.

**B.    MONMOUTH TRUCK'S MOTION TO DISMISS STILTON'S COUNTERCOMPLAINT FOR FAILURE TO STATE A CLAIM**

The Court finds that Stilton's crossclaim against Monmouth Truck is without merit and must be dismissed.[2]  The countercomplaint filed by Stilton against Merchants Mutual and Monmouth Truck seeks a declaration of coverage under the Policy and compensation under such coverage.  Although Stilton does not specifically seek relief from Monmouth Truck in his counterclaim, he asserts that he properly sought a crossclaim joining it in this action.[3] (Def.'s Opp'n Mot. to Dismiss, p. 2).  Stilton's counterclaim reiterates his original allegations against Monmouth Truck that were brought in his State court complaint, "including breach of contract, deprivation of property, libel, slander, civil rights violations, fraud, theft, conversion, [and] labor law violations" among others.  (Def.'s Mot. to Dismiss, St. Undisputed Facts, ¶ 5). Accordingly, the Court finds that Stilton's crossclaim against Monmouth Truck is barred by the doctrine of res judicata because:  (1) there was a judgment on the merits of the claims brought by Stilton in state court; (2) Monmouth Truck was the same party who Stilton brought a state court action against, as well as the present action before the Court; and (3) the claims in Stilton's counterclaim grow out of the same occurrences as those in the state court

---

[2]Stilton alleges that he was never served with Monmouth Truck's Brief for its Motion to Dismiss, however counsel's proof of mailing states that he served a brief on him.  Stilton asks the Court to not consider Monmouth Truck's brief.  However, even if the Court were to ignore Monmouth Truck's Brief, the certification and exhibits demonstrate that Stilton's crossclaim must be dismissed.

[3]It is unclear to the Court what claims Stilton is actually trying to assert against Monmouth Truck.  The counterclaim filed by Stilton does not appear to assert a separate claim against Monmouth Truck.  However, because Stilton is pro se, the Court will construe his counterclaim liberally.  In its analysis the Court will operate under the assumption that Stilton's crossclaim against Monmouth Truck seeks a declaration of coverage and is based upon the allegations against Monmouth Truck set forth in Stilton's counterclaim.

complaint.[4]  In the alternative, even if the Court were to hold that the doctrine of res judicata does not apply, the Court finds that New Jersey's Entire Controversy Doctrine bars Stilton's crossclaim against Monmouth Truck because the claim should have been brought against it in the previous state court proceeding instituted by Stilton.

### i.    RES JUDICATA

Federal courts are required to give state court judgments the same preclusive effect that courts of the issuing state would give them.  See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir.1997). "Under New Jersey law, res judicata or claim preclusion applies when (1) the judgment in the first action is valid, final and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action." Jones v. Holvey, 29 F.3d 828, 830 (3d Cir. 1994) (citations omitted).

Each of these elements is present here.  The first element requires that the "the judgment in the first action is valid, final and on the merits." Id.  Although the state court's order, by the Honorable Jamie S. Perri, J.S.C., granting the motion to dismiss Stilton's complaint does not specify its basis, it clearly operates as a decision "on the merits" under New Jersey law because it

---

[4]The doctrine of res judicata alone, is sufficient grounds for the Court to dismiss Stilton's crossclaim against Monmouth Truck.  However, as an alternative ground for dismissal, the Court notes that Stilton signed a consent order on September 22, 2006, relinquishing his right to pursue any civil action against Monmouth Truck growing out of the events that are the subject of his present countercomplaint. (See Pl.'s Mot. Summ. J., Ex. B, Consent Order).  Stilton argues that he did not intend the consent order to operate as a bar to civil law suits against Monmouth Truck, but the Court does not find this argument persuasive.  The consent order is plain on its face and bars Stilton from bringing civil claims against Monmouth Truck for the underlying events.  Thus, the Court finds that Stilton is not entitled to bring his pending crossclaim against Monmouth Truck and as a consequence it must be dismissed.

dismissed Stilton's claims with prejudice (and not without prejudice for lack of jurisdiction, improper venue, or any other reason that does not constitute a ruling on the merits under New Jersey law).  See ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 214 & n. 17 (3d Cir. 2004); Velasquez v. Franz, 589 A.2d 143, 147-48 (N.J.1991).  Accordingly the Court finds that the state court order operates as a valid decision "on the merits" for purposes of claim preclusion.

The second element requires that "there is identity of the parties, or the parties in the second action are in privity with those in the first action."  Jones, 29 F.3d at 830.   Monmouth Truck was named as a defendant in the state court action.  Stilton's previous claims were brought in state court against Monmouth Truck and Stilton's current crossclaim was asserted against Monmouth Truck in this Court.  (See Def.'s Mot. To Dismiss, Ex. A, State Court Compl.; Countercompl.).  Since the same exact party, Monmouth Truck, was named as the defendant to Stilton's claims in both state court and this Court, this element is also met.

The third element requires that "the claim in the later action grows out of the same transaction or occurrence as the claim in the first action."  Id.  Stilton's crossclaim is predicated on the same series of events that he alleged in his state court action.  Even if the Court were to entertain the crossclaim seeking a declaration of coverage against Monmouth Truck, for the Court to determine whether coverage is appropriate, it must look to whether Monmouth Truck actually committed any wrongful acts covered under the Policy.  These wrongful acts make up the same allegations that were listed in Stilton's state court complaint, which was subsequently dismissed with prejudice by the state court.  Accordingly, the Court finds that the crossclaim asserted against Monmouth Truck in Stilton's counterclaim is based on the same occurrences

that the state court complaint was based. As a consequence, the Court finds that Stilton's crossclaim against Monmouth Truck must be dismissed with prejudice.

### ii.     ENTIRE CONTROVERSY DOCTRINE

Even if the Court were to hold that res judicata did not apply, New Jersey's Entire Controversy Doctrine would still preclude Stilton's crossclaim against Monmouth Truck. "Under the Full Faith and Credit Act, the Third Circuit has required New Jersey federal courts to apply the 'entire controversy' doctrine, as that doctrine is recognized by the New Jersey state courts." Ctr. For Prof'l Advancement v. Mazzie, 347 F. Supp. 2d 150, 154 (D.N.J. 2004) (citing Rycoline Prods., Inc., 109 F.3d at 887). "The entire controversy doctrine is an equitable preclusionary doctrine that requires the parties to a litigation to assert all known claims that arise from the underlying occurrence or transaction."[5] Id. at 155 (citing Joel v. Morrocco, 147 N.J. 546, 548 (1997)). "Under the Entire Controversy Doctrine, a litigant seeking to remedy a single wrong should bring all legal theories in his first complaint, or later theories will be precluded." Long v. Ortiz, Slip Copy, No. 04-4327, 2007 WL 2769629, at *5 (D.N.J. Sept. 21, 2007) (citing Watkins v. Resorts Intern. Hotel & Casino, Inc., 124 N.J. 398, 413 (1991)). "The entire controversy doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." Rycoline Prods., Inc., 109 F.3d at 886. Thus, the Entire Controversy Doctrine will preclude a claim in federal court that arose from the same transaction or occurrence underlying prior state court adjudication.

---

[5]The Entire Controversy Rule is embodied in New Jersey Rule of Court 4:30A and provides that "[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine."

Here, Stilton first brought suit against Monmouth Truck in state court alleging, inter alia, breaches of contract, civil rights violations and labor law violations premised on the wrongful acts of Monmouth Truck and its employees. Now, Stilton brings a crossclaim against Monmouth Truck alleging those same wrongful acts, except this time he brought his suit in federal court seeking a declaration that he is entitled to coverage under the Policy as a consequence. If the Court were to entertain this crossclaim, it would first have to evaluate the validity of the underlying allegations which were already weighed in the state court proceeding. The entire controversy doctrine precludes Stilton's crossclaim against Monmouth Truck because it is based upon the same occurrences outlined in the state court complaint and should have been asserted at that time. Pursuant to Rule 4:30(a), Entire Controversy Doctrine, Stilton had the opportunity to join all claims that he had against the Third Party Defendants in the Monmouth County proceeding and as such, is now barred from pursuing those claims in the Federal District Court herein. Therefore, as an alternative ground for dismissal, the entire controversy doctrine bars Stilton's crossclaim against Monmouth Truck, and hence, it must be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Merchants Mutual's Motion for Summary Judgment to dismiss Stilton's counterclaim is GRANTED and Monmouth Truck's Motion to Dismiss Stilton's crossclaim against it is GRANTED.[6]

---

[6] Monmouth Truck also petitions the Court to exercise its discretion under New Jersey Rule of Court 4:5-1(b) to compel Stilton to pay monetary sanctions and attorneys' fees. New Jersey Rule of Court 4:5-1(b) is an embodiment of the entire controversy doctrine. See Heir v. Del. River Port Auth., 218 F. Supp.2d 627, 632 (D.N.J. 2002). It states in pertinent part:

> Each party shall include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court . . . .

Dated: January 3rd, 2008

                                                s/ Freda L. Wolfson
                                                The Honorable Freda L. Wolfson
                                                United States District Judge

---

> Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification. . . . If a party fails to comply with its obligations under this rule, the court may impose an appropriate sanction including dismissal of a successive action against a party whose existence was not disclosed or the imposition on the noncomplying party of litigation expenses that could have been avoided by compliance with this rule.

N.J.R. 4:5-1(b)(2). Monmouth Truck argues that Stilton had an obligation under the court rule to notify the Court of the dismissal of his related state court claims and his subsequent appeal. Although the Court agrees that Stilton's crossclaim against Monmouth Truck lacks merit, nonetheless, he is pro se and responded with the claim after being sued in this Court. Thus, I decline to impose sanctions on Stilton.